# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JIMMY DEAN MCCORMICK,** | )<br>) |
| Plaintiff, | ) Case No. 7:18CV00005<br>) |
| v. | ) **OPINION**<br>) |
| **HENERY A. VANOVER,** | ) By: James P. Jones<br>) United States District Judge<br>) |
| Defendant. | ) |

*Jimmy Dean McCormick, Pro Se Plaintiff.*

Plaintiff Jimmy Dean McCormick, a Virginia inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983, alleging that he should be resentenced because of the defendant's wrongful actions. After review of the record, I conclude that the Complaint must be construed as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 and summarily dismissed without prejudice for failure to exhaust available state court remedies.[1]

The Complaint and state court records online indicate that Judge Vanover of the Dickenson County Circuit Court revoked McCormick's probation in July 2016 and ultimately sentenced him to sixteen years in prison in Case No. CR10000196-01. McCormick was also charged with a felony offense of perjury in July 2016 in

---

[1] Rule 4 of the Rules Governing Section 2254 Cases authorizes summary dismissal of a habeas corpus action if it is clear that the petitioner is not entitled to relief.

Case No. CR16000416-00. He pleaded nolo contendere to that charge in January 2017 and was sentenced to five years in prison. McCormick has filed two habeas corpus petitions in the circuit court, both of which are currently pending, Case No. CL17000082-00 and Case No. CL17000260-00.

McCormick filed this § 1983 action in January 2018, naming Judge Vanover as the defendant. Liberally construing his sparse allegations, McCormick contends that the judge exceeded the sentencing guidelines, caused him to be wrongfully charged with perjury, did not provide counsel for his appeal, and violated confidentiality rules by sending copies of his mental health evaluation to three parties. As relief in this lawsuit, McCormick seeks only to be resentenced.

"Section 1983 of Title 42 creates a cause of action against any person who, acting under color of state law, abridges a right arising under the Constitution or laws of the United States." *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). When an inmate seeks to challenge the fact or duration of his detention based on federal constitutional grounds, however, a civil rights complaint under § 1983 is not the proper legal remedy. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). An inmate may raise such challenges only by filing a petition for a writ of habeas corpus, after first exhausting available state court remedies. *Id.*; *see also* 28 U.S.C. § 2254(b) (regarding exhaustion requirement).

A district court is not constrained by a litigant's style of pleading and may liberally construe a civil rights complaint as a habeas petition under § 2254. *Hamlin v. Warren*, 664 F.2d 29, 30 (4th Cir. 1981). To determine whether an action is properly considered a habeas corpus petition, rather than a civil rights complaint under § 1983, a court must consider whether the "core" of the litigant's claim concerns the fact and/or duration of the litigant's confinement. *Preiser*, 411 U.S. at 500.

As stated, McCormick claims that the judge's actions caused him to be unfairly sentenced and seeks, as relief, only resentencing. Because McCormick is clearly contesting the length of his confinement in the Virginia prison system, his claims are not cognizable under § 1983. *Id.* Rather, the appropriate federal cause of action in which to pursue such relief is a habeas corpus petition under 28 U.S.C. § 2254. *Id.* Therefore, I conclude that McCormick's pleading is appropriately construed as a Petition for a Writ of Habeas Corpus under § 2254.

A federal court cannot grant habeas relief under § 2254 unless the petitioner has exhausted the remedies available in the courts of the state in which the petitioner was convicted. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). If the petitioner clearly has available state court remedies remaining, the federal court must dismiss the § 2254 petition without prejudice to allow him to utilize those remedies. *Slayton v. Smith*, 404 U.S. 53, 54 (1971).

As stated, McCormick presently has habeas corpus proceedings in progress in the Dickenson County Circuit Court. If he is unsatisfied with that court's rulings, he may appeal those rulings to the Supreme Court of Virginia. *See* Va. Code Ann. §§ 8.01-654(A)(1), 17.1-406(B). Because McCormick clearly has not yet exhausted available state court remedies, I conclude that I must summarily dismiss his § 2254 petition without prejudice to allow him to pursue his claims first in state court. I will also deny McCormick's motion seeking appointment of counsel in the pending state court proceeding, because that motion should be directed to the state court.

A separate Final Order will be entered herewith.

DATED: January 29, 2018

/s/ James P. Jones
United States District Judge